UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ARI HALBERSTAM on behalf of himself and all other similarly situated consumers

        Plaintiff,

-against-

LEADING EDGE RECOVERY SOLUTIONS, LLC.

        Defendant.

**CV 12 - 3556**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
JUL 17 2012
BROOKLYN OFFICE

MAUSKOPF, J.

---

## COMPLAINT

### *Introduction*

1. Plaintiff Ari Halberstam seeks redress for the illegal practices of Leading Edge Recovery Solutions, LLC. in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Chicago, Illinois.

6. Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7. Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this instant action occurred, in substantial part, within this District.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine.

12. The callers failed to identify themselves as debt collectors attempting to collect a debt, nor did they state the Defendant's legal name.

13. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

14. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

15. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector. This constitutes a deceptive practice.

16. The Defendant, a foreign LLC, filed an application for authority to do business in New York with the New York Department of State on a date better known to the Defendant. The Department of Corporations in New York confirmed that as of June 12, 2012, Leading Edge

Recovery Solutions LLC has not filed any affidavits or Certificate of Publication which leads them to be suspended from doing business in New York.

17. Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their application for authority.

18. At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publication and/or failed to file any sort of proof or affidavit of publication, as required by law.

19. Pursuant to the New York Limited Liability Company Law, failure to file the Certificate of Publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.

20. At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

21. During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

22. The least sophisticated consumer is unlikely to search and/or have the ability or knowledge to search the Department of State records to determine whether Defendant's authority to do business is suspended.

23. Doing business in New York when Defendant's authority to do business had been suspended violates 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f.

15 U.S.C. § 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt". Without limiting the general application of the foregoing, the false representation of the character, amount, or

legal status of any debt and the use of any false representation or deceptive means to collect or attempt to collect any debts is a violation of this section. Furthermore, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. Defendant violated the above provisions of the statute because they had no right to collect or attempt to collect this debt.

24. Defendant's activities in collecting this debt were deceptive and misleading.

25. Defendant's collection techniques involved asking consumers to pay debts when they had no legal authority to ask for such payment.

26. Defendant did not inform the consumer that the debt owed was to a Defendant which had no authority to do business in New York and that Defendant had no right to engage in any collection efforts in New York.

27. Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

28. The conduct of Defendant in collecting and attempting to collect monies owed when it was not allowed to do so pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large.

29. As a result of the unlawful collection activity which the Defendant engaged in, Plaintiff is entitled to damages pursuant to GBL §349.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in Plaintiff's favor as against the defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       July 12, 2012

*(signature)*

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

*(signature)*

Hashim Rahman, Esq.
Principal Trial Counsel
155 Water Street
Brooklyn, New York 11201
Office: (347) 433-6139
Facsimile: (347) 382-9457
Mobile: (914) 584-7183
E-mail: hrahman@rahmanlegal.com

Plaintiff requests trial by jury on all issues so triable.

*(signature)*

Maxim Maximov, Esq.
Hashim Rahman, Esq.

Y102120BB8

PO Box 129
Linden MI 48451-0129
ADDRESS SERVICE REQUESTED

**LEADING EDGE**
RECOVERY SOLUTIONS

COUPON 1

Your Payment Date is 08/16/2011

The Amount Due is $50.00

Creditor: LVNV Funding LLC
Account #: 14093967
Reference #: ************8409

#BWNKGZZ
#Y102120BB8#   14093967-00219
Arie Halberstam
1524 58th St
Brooklyn NY 11219-4747

Leading Edge Recovery Solutions, LLC
5440 N Cumberland Ave STE 300
Chicago, IL 60656-1490

| DAYTIME PHONE: | EVENING PHONE: |
|---|---|
| (   )   - | (   )   - |
| SOCIAL SECURITY:   -   - | |

August 2, 2011

*** Detach Upper Portion and Return with Payment ***

| Account #: | Client Reference #: | Balance: |
|---|---|---|
| 14093967 | ************8409 | $2,818.13 |
| Creditor: LVNV Funding LLC | | |

Dear Arie Halberstam,

Leading Edge Recovery Solutions believes that you would honestly be willing to pay this bill if given a fair opportunity to do so.

The enclosed page of payment coupons was designed to allow you to begin to pay your account by making small monthly payments. Upon completing this arrangement, please contact us for additional payment options.

We do want to work with you. If you would like a different payment plan, change the due date, or possibly settle the account at a discount, PLEASE CALL US at (800) 663-4707.

Whatever the reason for non-payment in the past, this is an excellent opportunity to repay your account.

                    Call us today at (800) 663-4707

Sincerely,

Collections Department
(800) 663-4707

**Hours of Operation:**
Monday-Thursday 8:00am - 9:00 pm CST / Friday 8:00 am - 5:00 pm CST / Saturday 8:00 am - 12 Noon CST

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This information is from a debt collector.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

**To pay by phone, please call us at (800) 663-4707**

**For Western Union Quick Collect:**
Pay to: LERS    Code City/State: LERS, IL
Please include your account number

City of New York Department of Consumer Affairs License Number: 1168725
Original Creditor: HSBC BANK NEVADA NATIONAL ASSOCIATION
For questions regarding this account, please contact the Michael Ivory at Leading Edge Recovery Solutions, LLC:
800-663-4707